ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

REBECCA A. PERLMUTTER
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Rebecca.Perlmutter@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 11 2019

at ___ o'clock and ___ Min. ___ M
SUE BEITIA, CLERK

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. CR19 00046 LEK |
| Plaintiff, | INDICTMENT |
| vs. | [29 U.S.C. §§ 439(c) and 501(c)] |
| CHARLES KIMO BROWN, | |
| Defendant. | |

## INDICTMENT

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

At all times material to this indictment:

1. The Hawaii Longshore Division (the "Longshore Division") was a labor organization engaged in an industry affecting commerce (otherwise known as a union), as defined in The Labor-Management Reporting and Disclosure Act, Title 29 of the United States Code, Sections 402(i) and 402(j). The Longshore Division was headquartered in Honolulu, Hawaii, and was an autonomous division of the International Longshore and Warehouse Union Local 142 ("ILWU Local 142"). The Longshore Division and the ILWU Local 142 shared facilities and certain administrative staff, but the Longshore Division maintained its own financial accounts. The Longshore Division represented approximately 1,000 members employed as stevedores in the longshore industry throughout the State of Hawaii.

2. From in or around December 2009 through in or around April 2014, CHARLES KIMO BROWN, the defendant, was the Secretary-Treasurer of the Longshore Division. The Secretary-Treasurer was an executive officer responsible for maintaining all records and correspondence and overseeing the financial matters of the Longshore Division. The Secretary-Treasurer was an authorized signatory on the Longshore Division's bank accounts. As Secretary-Treasurer,

2

BROWN essentially worked full time for the union.  In or around the end of April 2014, BROWN resigned from his role as an executive officer.

3.  The Longshore Division compensated BROWN for the work that he performed as an executive officer in the form of lost time wages.  These lost time wages were paid out to BROWN at a rate equal to the amount BROWN would have received from his regular employer, Company A, in his union job as a machine operator.

4.  BROWN filled out and caused to be filled out, signed, and submitted to the Longshore Division, generally weekly wage voucher forms for lost time that included the hours he would have worked in his job for Company A.  BROWN communicated with Company A employees to receive the accurate lost work hours for that week.  The lost work hours that BROWN included on his wage vouchers, however, were consistently inflated and did not accurately reflect BROWN's lost work hours based on Company A's records.

5.  The Longshore Division relied on the inaccurate and inflated wage vouchers signed and submitted by BROWN to pay BROWN from Longshore Division funds for his lost time wages.

## COUNT 1
Falsification of Financial Records of a Labor Union
(29 U.S.C. § 439(c))

The Introductory Allegations of paragraphs 1 through 5 are incorporated by reference and re-alleged as though fully set forth herein.

On or after April 11, 2014, within the District of Hawaii, CHARLES KIMO BROWN, the defendant, did willfully make and cause to be made a false entry in a record that was required to be kept by Section 436 of Title 29, United States Code, namely, a wage voucher form for BROWN for April 7 to April 11, 2014.

All in violation of Title 29, United States Code, Section 439(c).

## COUNT 2
Embezzlement of Labor Union Funds
(29 U.S.C. § 501(c))

The Introductory Allegations of paragraphs 1 through 5 are incorporated by reference and re-alleged as though fully set forth herein.

On or about April 14, 2014, within the District of Hawaii, CHARLES KIMO BROWN, the defendant, while an officer of the Longshore Division, did knowingly embezzle and convert to his own use monies and funds of the Longshore Division in the approximate amount of $393.75.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT 3
Falsification of Financial Records of a Labor Union
(29 U.S.C. § 439(c))

The Introductory Allegations of paragraphs 1 through 5 are incorporated by reference and re-alleged as though fully set forth herein.

On or about April 18, 2014, within the District of Hawaii, CHARLES KIMO BROWN, the defendant, did willfully make and cause to be made a false entry in a record that was required to be kept by Section 436 of Title 29, United States Code, namely, a wage voucher form for BROWN for April 14 to April 18, 2014.

All in violation of Title 29, United States Code, Section 439(c).

## COUNT 4
Embezzlement of Labor Union Funds
(29 U.S.C. § 501(c))

The Introductory Allegations of paragraphs 1 through 5 are incorporated by reference and re-alleged as though fully set forth herein.

On or about April 21, 2014, within the District of Hawaii, CHARLES KIMO BROWN, the defendant, while an officer of the Longshore Division, did knowingly embezzle and convert to his own use monies and funds of the Longshore Division in the approximate amount of $1,181.25.

All in violation of Title 29, United States Code, Section 501(c).

## FORFEITURE ALLEGATION

1. The allegations contained in all paragraphs of Counts 2 and 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to the defendant that, upon conviction of the offenses charged in Counts 2 and 4 of this Indictment, the government will seek forfeiture, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 29, United States Code, Section 501(c), alleged in Counts 2 and 4 of this Indictment, including but not limited to a sum of money equal to at least $1,575.00 in United States currency.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

     a. cannot be located upon the exercise of due diligence;

     b. has been transferred or sold to, or deposited with, a third party;

     c. has been placed beyond the jurisdiction of the court;

     d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

DATED:    April 11, 2019, in Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON

KENJI M. PRICE
United States Attorney
District of Hawaii

REBECCA A. PERLMUTTER
Assistant United States Attorney

United States v. Charles Kimo Brown
Indictment
Cr. No.

7