KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG  #5111
SEAN VAN DEMARK  #10288
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96580
Telephone: (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Marshall.silverberg@usdoj.gov
         Sean.Van.Demark@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00046 LEK |
|---|---|---|
| | ) | |
| Plaintiff, | ) | The Government's Notice of |
| | ) | Its Intent to Adduce Evidence of |
| vs. | ) | Uncharged Criminal Conduct; |
| | ) | Certificate of Service |
| CHARLES KIMO BROWN, | ) | |
| | ) | Trial Date:  February 3, 2020 |
| Defendant. | ) | Time:   9:00 a.m. |
| | ) | Judge:   Hon. Leslie E. Kobayashi |

### THE GOVERNMENT'S NOTICE OF ITS INTENT TO
### ADDUCE EVIDENCE OF UNCHARGED CRIMINAL CONDUCT

The Indictment charges the defendant with four counts. Counts 1 and 3 charge the defendant with making false entries on union "vouchers" in order to be paid for more hours than to which he was entitled. Counts 2 and 4 charge the defendant with the actual thefts and conversions relating to those same payments.

The crimes charged in the Indictment were allegedly part of a much longer scheme, beginning in January 2010 and continuing thereafter until April 21, 2014. The Government did not seek additional counts relating to the earlier thefts and false entries because they were time-barred by the five-year statute of limitations on the day the case was presented to the grand jury (April 11, 2019).

The Government previously has given the defense counsel oral notice that the Government intends to adduce evidence relating to the *entire* scheme, starting in January 2010 and continuing until the charged offenses in April 2014. This Notice memorializes in writing the Government's earlier oral notice.

"Evidence of 'other acts' is not subject to Rule 404(b) analysis if it is 'inextricably intertwined' with the charged offense." *United States v. Wells*, 879 F.3d 900, 928 (9th Cir. 2018) (quoting *United States v. Beckman*, 298 F.3d 788, 793-94 (9th Cir. 2002))  "This exception applies when (1) 'particular acts of the defendant are part of . . . a single criminal transaction,' or when (2) 'other act' evidence . . . . is necessary [to admit] in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" *Id.*

2

"Thus, in *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993), the Ninth Circuit 'concluded contemporaneous sales of cocaine and crank by the defendant were inextricably intertwined with the crime with which the defendant was charged: the sale of cocaine." *United States v. Vizcarra-Martinez*, 66 F.3d at 1012). As noted in *Williams*, "[t]he policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant 'is indicted for less than all of his actions.'" *Williams*, 989 F.2d at 1070 (quoting *United States v. Soliman*, 813 F.2d 277, 278 (9th Cir. 1987)).

Here, while the defendant was indicted for less than all of his actions, the prior thefts, which had the same modus operandi as the charged offenses, were all part of a long single criminal course of conduct. If the Government had charged the "unit of prosecution" as a scheme to defraud which began in January 2010 and lasted until April 21, 2014, there is no question that the evidence of the acts committed from January 2010 to March 2014 would be direct evidence of the crime charged. The fact that the Government chose to present the "unit of prosecution" as being two false entries in two vouchers and the receipt of the two checks related to those false entries does not mean that the evidence of the fraudulent scheme which occurred up until April 2014 somehow is irrelevant or prejudicial to the defendant. It was all one scheme and the first exception applies.

Moreover, the Government has a right to present a coherent and comprehensible story regarding the context of the commission of the crimes. The defendant was employed in the same executive union position -- as Secretary/Treasurer of the Hawaii Longshore Division, Local 142, ILWU -- since January 2010, when the alleged fraudulent scheme began. In other words, the Government intends to prove that the defendant started stealing from his union from the beginning of his executive employment as the Secretary/Treasurer in January 2010.

Thus, the defendant did not wake up in April 2014 and decide to start stealing from the union on two isolated occasions occurring during two weeks in April 2014; rather, he had been doing it consistently for more than four years already and the charged offenses were just the latest in a long string of embezzlements. In sum, the Government needs to provide a context to the charged offenses and the second exception to Rule 404(b) applies as well.

Because the evidence of the prior bad acts is inextricably intertwined with the charged offenses, this Court need not consider Fed. R. Evid. 404(b). *See, e.g., United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) ("Because we conclude that the evidence of prior losses is 'inextricably intertwined' with the charges in the indictment, we need not consider its admissibility under Rule 404(b)."). Nonetheless, the evidence also is admissible under Rule 404(b).

"Rule 404(b)(1) prohibits using evidence of crimes, wrongs, or other acts 'to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.'" *United States v. Wells*, 879 F.3d at 928 (quoting Fed. R. Evid. 404(b)(1)).  "Such evidence may be admissible for other purposes, 'such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id.* (quoting Fed. R. Evid. 404(b)(2)).  "Thus, 'Rule 404(b) is a rule of inclusion -- not exclusion -- which references at least three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge.'" *Id.* (quoting *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc).

The defense counsel has informed the Government that the defendant did not steal from the union.  Thus, to prove the defendant's intent, and to rebut a defense of mistake, the Government needs to prove that the two weeks charged in the Indictment were part of a much longer period of fraudulent behavior.   That evidence is admissible for the reasons stated above.

Dated:  January 9, 2020, at Honolulu, Hawaii.

    KENJI M. PRICE
    United States Attorney
    District of Hawaii

By:  */s/ Marshall H. Silverberg*
    MARSHALL H. SILVERBERG
    SEAN VAN DEMARK
    Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel on the date and in the manner described below:

Served Electronically through CM/ECF:

WILLIAM HARRISON  WHARRISON@HAMLAW.NET
Attorney for Defendant
Charles Kimo Brown

DATED: January 9, 2020, at Honolulu, Hawaii.

                                      */s/ Janice Tsumoto*
                                      Legal Assistant
                                      U.S. Attorney's Office