UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>CHARLES KIMO BROWN,<br><br>        Defendant. | CR. NO. 19-00046 LEK |

**ORDER REGARDING THE ADMISSIBILITY OF THE GOVERNMENT'S
PROPOSED EVIDENCE OF DEFENDANT'S UNCHARGED CONDUCT**

      Defendant Charles Kimo Brown ("Brown") is charged with two counts of falsification of financial records of a labor union, in violation of 29 U.S.C. § 439(c) ("Counts 1 and 3"), and two counts of embezzlement of labor union funds, in violation of 29 U.S.C. § 501(c) ("Counts 2 and 4"). [Indictment, filed 4/11/19 (dkt. no. 1).]  A nonjury trial in this matter is scheduled to begin on April 5, 2022.  The parties' pretrial submissions have raised the issue of whether Plaintiff United States of America ("the Government") will be permitted to present evidence at trial of Brown's allegedly criminal conduct that is not charged in the Indictment.

**BACKGROUND**

      According to the Indictment, during the period in question, Brown was the Secretary-Treasurer of the Hawaii Longshore Division ("Longshore Division"), a union for purposes

of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 402(i) and (j).  [Indictment at pg. 2.]  Counts 1 and 3 allege Brown made false entries on two union wage vouchers, one for the period from April 7 to 11, 2014 and one for the period from April 14 to 18, 2014, in order to receive more pay than he was entitled to received.  Counts 2 and 4 allege embezzlement and conversion of the funds comprising the wages that resulted from those entries.  See id. at pgs. 3-4; see also The Government's Notice of Its Intent to Adduce Evidence of Uncharged Criminal Conduct ("Rule 404(b) Notice"), filed 1/9/20 (dkt. no. 22), at 2.  The Government has alleged the offenses were part of a scheme that began in January 2010.  The Government did not charge Brown with additional offenses because such charges would have been barred by the applicable statute of limitations.  However, the Government served notice to Brown that it intended to present evidence of the entire scheme.  See Rule 404(b) Notice at 2.

Shortly after filing the original Rule 404(b) Notice, the Government filed an amended version ("Amended Rule 404(b) Notice").  [Amended Rule 404(b) Notice, filed 1/14/20 (dkt. no. 24).]  It stated, "the Government intends to move to dismiss Counts 1 and 2.  Assuming that the Court grants the motion and dismisses Counts 1 and 2, the Government will be prepared to proceed to trial on Counts 3 and 4 of the Indictment."  [Id. at

2

2.]  However, after making that representation in the Amended
Rule 404(b) Notice, the Government never moved to dismiss
Counts 1 and 2.

The Government now intends to proceed to trial on all
four counts.  See The Government's Second Amended Notice of Its
Intent to Adduce Evidence of Uncharged Criminal Conduct ("Second
Amended Rule 404(b) Notice"), filed 3/9/22 (dkt. no. 54), at 3.
The Government continues to maintain that the conduct which
allegedly occurred from January 2010 through the period alleged
in the Indictment "is of the same nature as the charged offenses
and is 'inextricably intertwined' with the four charged
offenses."  [Id. at 2.]

## DISCUSSION

At the outset, the Court declines to address the
parties' disputes related to the circumstances giving rise to
the Government's change in its position regarding Counts 1 and
2.  Regardless of its reasons for making the original statement,
the Government merely expressed an **intention** to move to dismiss
Counts 1 and 2.  See Amended Rule 404(b) Notice at 2.  The
Government neither moved to dismiss those charges, nor did it
enter into an agreement with Brown regarding the dismissal of
those charges.  Further, to the extent that Brown contends his
trial preparation was impaired because he spent substantial time
preparing for a trial that would be limited to Counts 3 and 4,

this Court offered Brown accommodations, such as allowing
additional, non-consecutive, trial days for Brown to present
evidence regarding Counts 1 and 2.  The Court also notes that
Brown himself has not filed a motion to dismiss Counts 1 and 2.
Because there is no motion to dismiss pending before this Court,
the instant Order is limited to the issue of whether the
Government will be permitted to introduce evidence regarding
Brown's uncharged conduct.

Fed. R. Evid. 404(b)(1)-(2) states:

(b)   Other Crimes, Wrongs, or Acts.

> (1)  Prohibited Uses.  Evidence of any other
> crime, wrong, or act is not admissible to
> prove a person's character in order to show
> that on a particular occasion the person
> acted in accordance with the character.

> (2)  Permitted Uses.  This evidence may be
> admissible for another purpose, such as
> proving motive, opportunity, intent,
> preparation, plan, knowledge, identity,
> absence of mistake, or lack of accident.

The Ninth Circuit has stated:

> Evidence of "other acts" is admissible
> irrespective of Rule 404(b) if the evidence is
> inextricably intertwined with the charged
> conduct.  This exception applies when
> (1) particular acts of the defendant are part of
> a single criminal transaction, or when (2) the
> "other act" evidence is necessary for the
> government to offer a coherent story of the
> crime.

United States v. Lague, 971 F.3d 1032, 1038 n.5 (9th Cir. 2020)

(citations omitted), *cert. denied*, 141 S. Ct. 1695 (2021).

4

I.   <u>**Single Criminal Transaction Exception**</u>

In the instant case, the Government seeks to present evidence of what it asserts are the same types of false entries, and resulting overpayment of wages, from January 2010 up to the period described in the Indictment.  That conduct is not charged in the Indictment because such charges would have been time barred.  <u>See</u> Second Amended Rule 404(b) Notice at 3.  The Government contends such conduct does not constitute other crimes, wrongs, or acts, and therefore the Rule 404(b) analysis does not apply.

"The policies underlying [R]ule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant 'is indicted for less than all of his actions.'"  <u>United States v. Williams</u>, 989 F.2d 1061, 1070 (9th Cir. 1993) (quoting <u>United States v. Soliman</u>, 813 F.2d 277, 279 (9th Cir. 1987)).  The Government's Second Amended Rule 404(b) Notice only specifically addresses one additional period (a week in January 2010) of uncharged conduct that allegedly resulted in overpayment based on an overstatement of hours.  <u>See</u> Second Amended Rule 404(b) Notice at 5-8; <u>id.</u>, Exhs. 2, 3, 4.  While that instance, when considered with the conduct charged in the Indictment, is insufficient to establish "a single criminal episode," the Government's other filings suggest that the week in January 2010

5

is an example of multiple incidents.  See Government's Trial
Brief, filed 3/23/22 (dkt. no. 58), at 19; id., Trial Exhs. 25-
32 (summary tables).  This Court therefore finds that, if the
Government makes a satisfactory offer of proof regarding the
evidence it intends to present to establish a series of
uncharged instances of alleged overstatements resulting in
overpayment, the single criminal episode or transaction
exception to the Rule 404(b) analysis would apply.

          For the sake of completeness, this Court will also
address the Government's alternative arguments.

**II.  Coherent Story Exception**

          The Government argues the Rule 404(b) analysis does
not apply to the uncharged conduct at issue here because it is
necessary to the establishment of "a coherent story" for the
offenses charged in the Indictment.

> In determining whether particular evidence is
> necessary to the prosecution's "coherent and
> comprehensible story," we ask whether the
> evidence bears directly on the charged crime.
> [United States v. Dorsey,] 677 F.3d [944,] 952
> [(9th Cir. 2012)] (internal quotation marks
> omitted).  "There must be a sufficient contextual
> or substantive connection between the proffered
> evidence and the alleged crime to justify
> exempting the evidence from the strictures of
> Rule 404(b)."  [United States v.] Vizcarra-
> Martinez, 66 F.3d [1006,] 1013 [(9th Cir. 1995)].

United States v. Wells, 879 F.3d 900, 928-29 (9th Cir. 2018).

In this case, if the single criminal episode or transaction exception does not apply to the uncharged conduct, this Court would conclude that the coherent story exception does not apply.  Although the uncharged conduct is **similar** to the conduct that is the basis for the charges in the indictment, the uncharged conduct does not **bear directly** on the charges because each set of false entries and embezzlement charges relates to a discrete period of work.  Thus, this Court would be required to apply the Rule 404(b) analysis to determine whether evidence of the uncharged conduct is admissible.

### III. <u>Rule 404(b) Analysis</u>

> We apply a four-part test to determine whether "other act" evidence is admissible.  A district court may admit other act evidence if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.  The government has the burden of proving that the evidence meets all of the above requirements.

<u>Lague</u>, 971 F.3d at 1038 (citations and some internal quotation marks omitted).  First, this Court finds that the Government's proposed evidence of Brown's uncharged conduct tends to prove a material point, *i.e.* the Government contends that the on-going nature of the overstatement of hours, and resulting overpayment, tends to prove Brown's intent, knowledge, and lack of mistake. <u>See</u> Second Amended Rule 404(b) Notice at 9 (citing Fed. R.

7

Evid. 404(b)).  As to the second factor, the uncharged conduct
is not too remote in time because it allegedly began in January
2010 and continued through the period when the conduct alleged
in the Indictment occurred.  The fourth factor is also satisfied
because the uncharged conduct is similar to the conduct that is
the basis of the charges in the Indictment.

However, there is insufficient evidence currently
before this Court to make a ruling regarding the sufficiency of
the evidence of the uncharged conduct.  The Government's
representations suggest that it will be able to present
sufficient evidence.  <u>See</u> Government's Trial Brief at 19, Trial
Exhs. 25-32.  This Court therefore rules that, if the Government
makes a sufficient offer of proof prior to the presentation of
the evidence, the requirements of the evidence of Brown's
uncharged conduct will be admissible under Rule 404(b).

## IV.  <u>Rule 403 Analysis</u>

Finally, Brown argues that, even if the Government's
proposed evidence of uncharged conduct is otherwise admissible,
it should be excluded under Fed. R. Evid. 403.  Rule 403 states:
"The court may exclude relevant evidence if its probative value
is substantially outweighed by a danger of one or more of the
following: unfair prejudice, confusing the issues, misleading
the jury, undue delay, wasting time, or needlessly presenting
cumulative evidence."  Based on the record before it, this Court

finds that the only potentially applicable concerns are unfair prejudice and confusion of the issues.[1]  This Court will be able to limit its consideration in the nonjury trial of the evidence of Brown's uncharged conduct to the permissible purposes.  Thus, there is no risk of prejudice to Brown or confusion of the issues.  This Court, in the exercise of its discretion, declines to exclude, under Rule 403, the evidence of Brown's uncharged conduct.

## CONCLUSION

For the foregoing reasons, the Court concludes that the Government's proposed evidence of Brown's uncharged conduct is admissible at trial, provided that the Government makes a satisfactory offer of proof that it has sufficient evidence to establish that Brown engaged in the uncharged conduct.

IT IS SO ORDERED.

---

[1] If the Government's offer of proof suggests that the evidence it intends to present regarding Brown's uncharged conduct is cumulative or unnecessarily redundant, this Court will place limitations on the Government's presentation of the evidence.

DATED AT HONOLULU, HAWAII, March 30, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. CHARLES KIMO BROWN; CR 19-00046 LEK; ORDER REGARDING THE
ADMISSIBILITY OF GOVERNMENT'S PROPOSED EVIDENCE OF DEFENDANT'S
UNCHARGED CONDUCT